IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CR-38-ECM-KFP |
| | ) | |
| CORDARELL UPSHAW | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the Court on Defendant's Motion to Suppress (Doc. 23) and the response filed by the United States (Doc. 33). In response to the Court's Order seeking clarification of Defendant's motion, Defendant stated he is not challenging the warrant at issue under *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Doc. 37. Upon review of the parties' submissions and with the benefit of oral argument, the Court finds that an evidentiary hearing will not be necessary and recommends the motion be denied.

**I.     Background: The Affidavit in Support of the Warrant**

Defendant's motion seeks suppression of evidence obtained pursuant to a search warrant executed at a residence. Defendant argues the affidavit in support of the warrant was insufficient to establish probable cause. He requests suppression of all evidence recovered as a result of the execution of the search warrant and all evidence obtained as a result of the alleged illegal search.

The affidavit for the warrant provided the following:

> . . . at approximately 1144 hours, Sgt. Ethan Wiggins of the Eufaula Police Department contacted Detective Ryan Smith via phone and advised Detective Smith a reliable Confidential Informant observed what they know to be marijuana and cocaine at the residence of [address] with in [sic] the last 24 hours. This confidential informant is reliable for Sgt. Ethan Wiggins and

> the Eufaula Police Department. This informant also stated Johnathan Upshaw A.K.A. "Coop" and Cordarell Upshaw were at the residence selling the illegal narcotics.
>
> At approximately 1156 hours Detective Smith rode by the residence and observed a vehicle park across the street, and Cordarell Upshaw exiting the vehicle and approaching the front door of the residence. Detective Smith knows Johnathan Upshaw to live at this address and has used this address in the past when booked into the Eufaula City Jail.

Doc. 23 at 7, DX 1. Defendant's arguments for suppression center on the reliability of the confidential informant and law enforcement's corroboration. Defendant also requests an evidentiary hearing to test the reliability of the confidential informant whose information provided the basis for the warrant.

## II.     Discussion

For the reasons explained, the Court finds that the affidavit provides a scant, but sufficient, basis to establish probable cause. The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Probable cause to support a search warrant exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

> "[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts[.]" To avoid "rigid" legal rules, *Gates* changed the "two-pronged test" of *Aguilar v. Texas*, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), into a totality of the circumstances test. *See Gates*, 462 U.S. at 230–35, 103 S.Ct. 2317, 76 L.Ed.2d 527. Under the *Gates* totality of the circumstances test, the "veracity" and "basis of knowledge" prongs of *Aguilar*, for assessing the usefulness of an informant's tips, are not independent. "[T]hey are better understood as relevant considerations in the totality of the circumstances

>analysis that traditionally has guided probable cause determinations: a deficiency in one may be compensated for . . . by a strong showing as to the other[.]" *Illinois v. Gates*, 462 U.S. 213, 232[-33 (1983)].

*United States v. Brundidge*, 170 F.3d 1350, 1352–53 (11th Cir.1999). The "duty of a reviewing court is simply to ensure that the magistrate [based on the affidavit] had a 'substantial basis for . . . concluding that probable cause existed." *Gates*, 462 U.S. at 238–39 (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)). "Probable cause is 'not a high bar.'" *United States v. Delgado*, No. 19-11997, 2020 WL 6844039, at *5 (11th Cir. Nov. 23, 2020) (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) (quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014)). "The mere 'probability or substantial chance of criminal activity' is all that is needed. *Id.* (citing *Wesby*, 138 S. Ct. at 586 (quoting *Gates*, 462 U.S. at 243-44 n.13)). Given that this is not a *Franks* challenge, the sufficiency of the warrant to support probable cause is based on the information within the four corners of the affidavit. *See United States v. Taylor*, No. 14-0303-CG, 2015 WL 5923580, at *1 (S.D. Ala. Oct. 12, 2015) (citing *United States v. Kelly*, 2014 WL 1153375, at *9 (N.D. Ala. Mar. 21, 2014) ("Generally, a challenge to the issuance of a search warrant is limited to the sufficiency of the information contained within the four corners of the warrant application itself.")).

## Probable Cause Analysis: Totality of the Circumstances

Defendant asserts that the affidavit could not have provided probable cause for the warrant because the affidavit fails to establish how or why the confidential informant was reliable to the Eufaula Police Department or to Sergeant Wiggins. For example, the affidavit does not detail how many times Sergeant Wiggins or others in the police

3

department had worked with the informant, whether the informant had been useful in prior prosecutions, or whether the informant had been paid for assistance. Defendant understandably questions the absence of this type of elaboration.

Defendant also argues that the information from the informant was not sufficiently corroborated. Defendant acknowledges that the "corroboration secured by the police was that Johnathan Upshaw used the address [cited in the affidavit] when he had previously been jailed and that [Defendant] was seen entering the home." Doc. 37 at 2–3. All of that was consistent with what the confidential informant had relayed: Defendant was observed at that location within the last 24 hours. Defendant seems to concede the weakness of the corroboration argument with this rhetorical question: "Is that sufficient corroboration to determine probable cause? Maybe, maybe not." *Id*. at 3.

### Reliability of the Confidential Informant:
### Veracity and Basis of Knowledge

To be sure, this affidavit is not the textbook model form, but the bar is not that high. The *Gates* totality-of-the-circumstances test requires a court to allow a stronger showing on one basis to fill in for a weaker showing on another. *United States* v. *Foree*, 43 F.3d 1572, 1576 (11th Cir. 1995) ("'[A] deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability' such as corroborating evidence gathered by law enforcement.") (citing *Gates*, 462 U.S. at 233). In analyzing the affidavit under the totality-of-the-circumstances, the Court will consider Defendant's challenges to the warrant collectively. While the affidavit does not offer evidence of the informant's history of reliability, that

history is not required in the affidavit if there is other evidence under the totality of the circumstances to support a probable cause finding. In fact, "even if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles his tip to greater weight than might otherwise be the case." *Gates*, 462 U.S. at 234.

     Based on the affidavit, the state court magistrate received little information about the informant. However, the magistrate was advised the informant "is reliable" to both Sergeant Wiggins and the Eufaula Police Department and that the "reliable" informant had personally observed recent drug-related activities. The fact that the confidential informant is reliable to Sergeant Wiggins and the Eufaula Police Department necessarily implies that they have had prior useful, trust-inducing, or successful interactions. *See United States v. Miller*, 24 F.3d 1357, 1361 (11th Cir. 1994) ("Courts reviewing the legitimacy of search warrants should not interpret supporting affidavits in a hypertechnical manner; rather, a realistic and commonsense approach should be employed so as to encourage recourse to the warrant process and to promote the high level of deference traditionally given to magistrates in their probable cause determinations.") (citations omitted); *Taylor*, 2015 WL 5923580, at *3 (reviewing request for *Frank's* hearing and finding though it was not stated explicitly in the affidavit that "it was implicit in the search warrant affidavit that the CI was indeed a drug dealer whose participation was driven by ulterior motives to gain consideration for his own legal troubles" based on the affidavit's recounting prior drug purchases by the CI; "it would require no leap of logic for a magistrate to conclude that the CI was facing harsh penalties and that the desire to mitigate such penalties was a substantial

5

motiving cause of the CI's participation"). A better drafted affidavit would, as Defendant wants, set forth law enforcement's prior experience with the informant and explain how and why that experience supported the informant's veracity. That the informant "is reliable" is conclusory on its own, which weakens its impact, but that weakness does not doom a probable cause finding because the magistrate had more on the face of the warrant.

The affidavit, albeit light on elucidation, was not vague or reliant exclusively on conclusions. It detailed the confidential informant's personal observation of (i) two specific types of drugs, marijuana and cocaine, (ii) in a specific location, and (iii) Defendant and Johnathan Upshaw's drug sales at that location within 24 hours of when the affidavit was submitted. *See United States v. Jenkins*, 901 F.2d 1075, 1080 (11th Cir. 1990) ("'[I]f the apparent facts set out in the affidavit are such that a reasonably discreet and prudent man would be led to believe that there was a commission of the offense charged, there is probable cause justifying the issuance of a warrant.'") (quoting *Dumbra v. United States*, 268 U.S. 435, 441 (1925)).[1] The basis for the informant's reliability could have been better and more thoroughly explained, but the affidavit's detailed description based on the confidential informant's first-hand observations of Defendant and the drug activity at a

---

[1] Importantly, the fact that the informant passed the information to Sergeant Wiggins, who relayed the informant's report to Detective Smith, who then swore the affidavit, does not destroy the report's credibility. Hearsay statements between investigating officers are proper to support an affidavit. *See U.S. v. Kirk*, 781 F.2d 1498 (11th Cir. 1986) ("Observations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number."; "It is sufficient if the affidavit recites at the outset, or if it is clear from reading the affidavit as a whole, that it is based in part upon information obtained from other law enforcement officers.") (quotation and citation omitted); *Illinois v. Andreas*, 463 U.S. 765, 771 n.5 (1983) ("where law enforcement authorities are cooperating in an investigation . . . the knowledge of one is presumed shared by all.") (citing *Whiteley v. Warden*, 401 U.S. 560, 568 (1971).

specific location buttressed the affidavit. *See United States v. Grubbs*, 547 U.S. 90, 95 (2006) ("Probable cause exists when 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'") (quoting *Gates*, 462 U.S. at 238); *United States v. Martin*, 297 F.3d 1308, 1315 (2002) ("[I]n determining whether an affidavit based on an informant's tips provides a substantial basis for a finding of probable cause, an explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitled [the informant's] tip to greater weight than might otherwise be the case.") (quotations omitted); *cf. United States v. Lewis*, No. 5:06-CR-46, 2007 WL 9735537 (M.D. Ga. Jan. 19, 2007) (no probable cause where affidavit recited law enforcement's credentials but "no information to lead a judicial officer to believe that the confidential informant is truthful" and it was unclear whether the informant was familiar with the defendant's residence before being sent there to perform a controlled buy); *United States v. Lingo*, No. 1:05-CR-32, 2006 WL 1476120 (M.D. Ala. May 24, 2006) (search warrant lacked probable cause where affidavit did not include information about witnesses' credibility and reliability and "affidavit does not specify how the witnesses know Lingo, and does not contain any information regarding whether the witnesses personally observed any evidence in Lingo's residence. . . . The affidavit . . . fails to establish the relationship between Lingo's residence and any illegal activity carried on or engaged in by Lingo.").

### Corroboration

In addition, the magistrate had "[o]ther indicia of reliability" based on the independent police work corroborating information given by the informant. *See Foree*, 43

F.3d at 1576. Even though the independent police work corroborating the informant's report was minimal, it was prompt and confirming. Within 15 minutes of the informant's message being relayed to Detective Smith at 1144 hours, Smith drove to the identified residence and personally observed, at 1156 hours, a vehicle driving up and Defendant approaching the front door of the residence. Further confirmation came from Detective Smith, who was already familiar with the identified residence—it was known to him as Johnathan Upshaw's residence, and Johnathan is the individual whom the informant placed in the home with Defendant where they were both reportedly selling drugs. There is no question that more police investigation could have been performed. The detective could have stayed to observe further activity at the residence, the detective could have engaged the informant to perform a controlled buy, or the detective could have employed any number of other police investigatory tools. However, additional corroboration, though it may have been appreciated, was not required. Indeed, independent police corroboration of a confidential source's information, per se, is not required. *See Brundidge*, 170 F.3d at 1353; *see also United States v. Wright*, No. 2:18-CR-103-WKW-GMB, 2018 WL 4560259, at *6 (M.D. Ala. Aug. 23, 2018), *report and recommendation adopted*, No. 2:18-CR-103-WKW, 2018 WL 4558195 (M.D. Ala. Sept. 21, 2018) (finding statement that informant "has provided accurate and reliable information to the Montgomery Police Department that has led to the prosecution of numerous offenders" was "precious little corroboration, but after *Gates* the Eleventh Circuit has rejected any per se rule mandating independent police corroboration of a confidential informant") (citing *Brundidge*, 170 F.3d at 1352 (citing

*United States v. Harris*, 403 U.S. 573, 576 (1971); *United States v. Farese*, 612 F.2d 1376, 1378 (5th Cir. 1980))).

The detective's corroboration through his own drive-by and with his personal knowledge of the residence provided some indicia of the informant's reliability. Here, the magistrate had the statement that the confidential informant was reliable to Sergeant Wiggins and the Eufaula Police Department (albeit the basis for the conclusion was undisclosed) along with the detective's additional investigation corroborating, at least in part, the detailed first-hand account from the informant of criminal activity within the last 24 hours. *See United States v. Johnson*, 444 F. App'x 424, 425–26 (11th Cir. 2011) (internal citation omitted) ("[W]hen there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant.").[2] The Court concludes, under the totality of the circumstances, the affidavit contains sufficient first-hand observations with descriptions of wrongdoing at the identified location, and it sufficiently establishes the informant's reliability. *See Martin*, 297 F.3d at 1314 ("[T]he affidavit should establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity."); *United States v. Eldridge*, No. 13-0100, 2013 WL 3009268 (finding search warrant affidavit provided sufficient probable cause where it relayed "[w]ithin the last 12 hours a confidential

---

[2] Under these circumstances, it may also be less likely the informant would be untruthful, given that the falsity of the report would have been discovered quickly. *See United States v, Moore*, No. 08-00076, 2008 WL 1836735, at * (S.D. Ala. April 23, 2008) (noting confidential informant's incentive to be truthful based on search warrant sought within 72 hours of informant reporting detailed, first-hand information regarding narcotics sales at a residence and law enforcement arranging informant's controlled purchase there).

informant" gave information to the affiant regarding the defendant in a specific location where the informant personally observed cocaine and the location reported was known to law enforcement as the subject of prior complaints). Accordingly, "the magistrate had a substantial basis for . . . concluding that probable cause existed." *Gates*, 462 U.S. at 239. Because probable cause existed for the warrant on the face of the affidavit, the Court need not hold an evidentiary hearing to allow Defendant to test the reliability of the informant and decide whether the good faith exception to the exclusionary rule under *United States v. Leon*, 468 U.S 897, 909 (1984) applies to rescue a deficient search.[3]

### III.  Conclusion

There is no doubt the affidavit for the search warrant could have provided more about the informant's history and the investigating officer could have done more to corroborate what was reported. The affidavit as presented was not an exemplar, but it was legally sufficient. For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Defendant's Motion to Suppress (Doc. 23) be DENIED.

---

[3] *See United States v. Cruse*, 343 F. App'x 462, 464 (11th Cir. 2009) (citing *Martin*, 297 F.3d at 1313) (setting forth the four circumstances in which the good faith exception does not apply: "(1) the magistrate . . . in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing magistrate wholly abandoned his judicial role[;] (3) where the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where, depending upon the circumstances of the particular case, a warrant is so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid."). Defendant's argument that the magistrate served as a rubber stamp for police or abandoned his detached and neutral role under *Leon* appears no different from his argument that the affidavit lacks probable cause on its face, e.g., because the informant was not reliable and the information was not corroborated. *See* Docs. 23 at 2–3 and 37 at 2–3.

Further, it is

ORDERED that on or before **December 8, 2020**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 24th day of November, 2020.

    /s/ Kelly Fitzgerald Pate
    KELLY FITZGERALD PATE
    UNITED STATES MAGISTRATE JUDGE