IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CRIM. CASE NO. 2:20-cr-38-ECM |
| ) | (WO) |
| CORDARELL UPSHAW   ) | |

**MEMORANDUM OPINION and ORDER**

Defendant Cordarell Upshaw ("Upshaw") was charged on February 12, 2020, with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). On September 14, 2020, Upshaw filed a motion to suppress all "evidence recovered as a result of the execution of a search warrant unsupported by probable cause, . . . along with all evidence which was obtained as a result of the illegal, initial search." (Doc. 23). Upshaw asserts that the affidavit supporting the issuance of the search warrant was deficient because it was conclusory and did not establish the reliability of the confidential informant. (*Id*. at 2-3). The Magistrate Judge recommended the Court deny the motion to suppress. (Doc. 44). On December 8, 2020, Upshaw filed objections to the Report and Recommendation of the Magistrate Judge. (Doc. 45). According to Upshaw, "the warrant affidavit contained insufficient information to establish the requisite probable cause to justify the issuance of the warrant." (*Id.* at 1). Upon an independent and de novo review of the record, including a review of the transcript of oral argument on the motion before the Magistrate Judge, and for the reasons which follow, the Court concludes that the Defendant's objections are due to be OVERRULED and the motion to suppress is due to be DENIED.

**STANDARD OF REVIEW**

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions of the Recommendation *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P. 59(b)(3).

*De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). "[A]lthough *de novo* review does not require a new hearing of witness testimony, *United States v. Raddatz,* 447 U.S. 667, 675–76, 100 S.Ct. 2406, 2412–13, 65 L.Ed.2d 424 (1980), it does require independent consideration of factual issues based on the record." *Id.* If the Magistrate Judge made findings based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding. *Id.* In this case, the Court conducted a complete and careful review of the record in this case, including the transcript of the oral argument on the Defendant's motion to suppress (doc. 43). It has also reviewed *de novo* those portions of the Magistrate Judge's findings and recommendations to which the Defendant objects. *See* 28 U.S.C. § 636(b)(1).

**DISCUSSION**

The Defendant's sole objection is to the Magistrate Judge's conclusion that the search warrant was supported by probable cause. (Doc. 45 at 3). The Fourth Amendment

2

protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. The Amendment protects individuals against unreasonable searches of "their persons [and] houses." *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (alteration in original). The Fourth Amendment further provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Probable cause to support a search warrant exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Trader*, 981 F.3d 961, 969 (11th Cir. 2020); *United States v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999). "To establish probable cause to search a home, a warrant affidavit must 'establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity.'" *Trader*, 981 F.3d at 969 (quoting *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002)); *see also United States v. Shabazz,* 887 F.3d 1204, 1214 (11th Cir. 2018) ("[T]he affidavit should establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity.").

In his motion to suppress, Upshaw contends that the affidavit supporting the issuance of the search warrant did not establish probable cause. A court reviewing the issuance of a search warrant by a magistrate or state court judge is not to conduct a de novo probable cause determination, but is merely to decide whether the evidence viewed as a

whole provided a "substantial basis" for the finding of probable cause at the time the warrant was issued.  *Massachusetts v. Upton*, 466 U.S. 727, 732-33 (1984) (per curiam); *Gates*, 462 U.S. at 236.

> The task of the issuing [judge] is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.  And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

*Gates,* 462 U.S. at 238-239 (alteration in original).  To find probable cause, a judge is "entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." *United States v. Ayers*, 924 F.2d 1468 (9th Cir. 1991).  In weighing the evidence, the issuing magistrate may rely on the conclusions of experienced law enforcement officers.  *Id.*  "The nexus between the objects to be seized and the premises searched can be established from the particular circumstances involved and need not rest on direct observation." *United States v. Jenkins*, 901 F.2d 1075, 1080 (11th Cir. 1990) (quoting *United States v. Lockett*, 674 F.2d 843, 846 (11th Cir. 1982)).  Moreover, probable cause "is a fluid concept—turning on the assessment of probabilities in particular factual contexts[.]" *Brundidge*, 170 F.3d at 1352.  Suppression is only warranted if the affidavit supporting the warrant was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Brown v. Illinois*, 422 U.S. 590, 610-11 (1975).

The affidavit at issue provides information concerning the identity of the alleged wrongdoers (Johnathan and Cordarell Upshaw), the nature of the illegal action (sale of marijuana and cocaine), and the location of the place to be searched (212 Central Avenue). The affidavit links Upshaw to the residence, links him to the possession and sale of illegal narcotics, and was executed in close temporal proximity to the observations made by the confidential informant.  The affidavit indicates that the confidential informant was known to Sgt. Wiggins and to the Eufaula Police Department as reliable.  The affidavit also detailed action taken by Detective Smith to corroborate the confidential informant's information. The Defendant's objections to the Report and Recommendation repeat his arguments from his motion to suppress, and the Court finds that the Recommendation adequately addressed those arguments and properly rejected them.  The Court concludes that the affidavit sufficiently demonstrates that probable cause existed for the search of 212 Central Avenue, Eufaula, Alabama, and Upshaw's motion to suppress is due to be denied.

The parties make reference to the *United States v. Leon*[1]  good faith exception, (doc. 33 at 3-4; doc. 43 at 10-16), which the Court concludes provides an additional basis upon which to deny the motion to suppress.  Even if the affidavit did not establish probable cause, it is undisputed that the officers searched the residence only after securing a search warrant issued by Judge Hughes.  The Defendant does not argue that the officers' reliance on the warrant was so objectively unreasonable as to warrant suppression of any evidence subsequently seized.  *Leon*, 468 U.S. at 926.

---

[1] 468 U.S. 897 (1984)

> The Supreme Court's decision in *Leon* "stands for the principle that courts generally should not render inadmissible evidence obtained by police officers acting in reasonable reliance upon a search warrant that is ultimately found to be unsupported by probable cause." *Martin*, 297 F.3d at 1313. Under this good faith exception to the exclusionary rule, suppression is necessary "only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Id.* (quotation and citation omitted). While the district court did not base its denial of the motion to suppress on the good faith exception, both parties addressed this concept in the briefs and arguments they presented to that court. There is no indication that any officer was dishonest or reckless in preparing the affidavit, nor is there a basis for finding that any involved officer could not have objectively reasonably believed there was probable cause to search [the Defendant's] residence. Additionally, the warrant adequately conveyed its parameters . . . and, therefore, was not "so facially deficient" that it cannot be presumed to be valid. *See Martin*, 297 F.3d at 1313 (quotation and citation omitted). As a result, the good faith exception provides an additional and alternative basis for the Court to affirm the district court's ruling on the motion to suppress.

*United States v. Delgado*, 981 F.3d 889, 899 (11th Cir. 2020).  Here, the parties both referenced and made arguments relating to the good faith exception.  Despite this issue being underdeveloped by either party, the Court concludes that, based on the totality of the circumstances, the good faith exception provides additional support for denial of the motion to suppress.

## CONCLUSION

For these reasons as stated, the Court concludes the Defendant's motion to suppress is due to be denied.

6

Accordingly, it is

ORDERED as follows that:

1. the Defendant's objections (doc. 45) are OVERRULED;

2. the Recommendation of the Magistrate Judge (doc. 44) is ADOPTED; and

3. the Defendant's motion to suppress (doc. 23) is DENIED.

Done this 13th day of January, 2021.

                                        /s/Emily C. Marks
                                   EMILY C. MARKS
                                   CHIEF UNITED STATES DISTRICT JUDGE